IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-CV-20845

JESUS DE ISRAEL VALLE,

      Plaintiff,

vs.

MIAMI AIRPORT, LLC, a foreign
limited liability company, d/b/a Hilton
Miami Airport aka Hilton Miami
Airport Blue Lagoon

      Defendant.

_____/

## COMPLAINT

COMES NOW, JESUS DE ISRAEL VALLE ("Plaintiff"), by and through undersigned counsel, and hereby sues MIAMI AIRPORT, LLC d/b/a Hilton Miami Airport aka Hilton Miami Airport Blue Lagoon ("Defendant") pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.*, and in support thereof states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, as Plaintiff's claims arise under 42 U.S.C. § 12181, *et seq.*, and more specifically, Title III of the ADA.

## VENUE

2. Venue lies within this district pursuant to 28 U.S.C. § 1391(b)(2) because, *inter alia,* the property that is the subject of this action is located within this district and the events that gave rise to Plaintiff's claim occurred within this district.

## PARTIES

3. Plaintiff, Jesus de Israel Valle, is an individual who resides in Orlando, Florida, and is over eighteen (18) years of age and otherwise *sui juris*. Plaintiff is disabled as defined within the ADA, as Plaintiff suffers from a mental impairment that substantially limits one or more major life activities due to post-traumatic stress disorder (PTSD), obsessive compulsive disorder (OCD), and general anxiety. *See* 28 C.F.R. § 36.105(d)(2)(k). Plaintiff uses a service animal—a dog—to alert others when Plaintiff is suffering from a PTSD episode, and to offer comfort to counteract the PTSD episode.

4. Defendant, Miami Airport, LLC, d/b/a Hilton Miami Airport a/k/a Hilton Miami Airport Blue Lagoon, is a foreign limited liability company with its principal place of business in Virginia. Defendant transacts business within the State of Florida, and within this Court's judicial district, and is the owner and operator of the Hilton Miami Airport Blue Lagoon located at 5101 Blue Lagoon Drive, Miami, Florida 33126 (the "Hilton").

## GENERAL ALLEGATIONS

5. On July 26, 1990, Congress enacted the ADA under 42 U.S.C. § 12181, *et seq.*, which sought to (a) eliminate discrimination against individuals with disabilities; (b) provide clear, consistent, enforceable standards addressing such discrimination; and (c) invoke the sweep of congressional authority in order to ensure discrimination against disabled individuals is addressed. *See* 42 U.S.C. § 12101(b)(1)-(4).

6. Thereafter, Title III of the ADA was revised to require public accommodations conform to the ADA regulations on or before March 15, 2012, and provided a provision for the use of service animals, which states, "Generally, a public accommodation shall modify policies, practices, or

procedures to permit the use of a service animal by an individual with a disability." *See* 28 C.F.R.

§ 36.302(c)(1).

7.  Title III's revisions also mandated as follows:

> A public accommodation shall not ask about the nature or extent of a person's disability, but may make two inquiries to determine whether an animal qualifies as a service animal. A public accommodation may ask if the animal is required because of a disability and what work or task the animal has been trained to perform. ***A public accommodation shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal***."

*See* 28 C.F.R. § 36.302(c)(6). (Emphasis Added).

8.  Public accommodations may "not ask or require an individual with a disability to pay a surcharge, even if people accompanied by pets are required to pay fees, or comply with other requirements generally not applicable to people without pets . . . ." *See* 28 C.F.R. § 36.302(c)(8).

9.  Defendant, which owns and operates the Hilton where Defendant's violations occurred, is a place of public accommodation as defined in the ADA:

> Place of accommodation means a facility operated by a private entity whose operations affect commerce and fall within at least one of the following categories—
> (1) Place of lodging, except for an establishment located within a facility that contains not more than five rooms for rent or hire and that actually is occupied by the proprietor of the establishment as the residence of the proprietor. For purposes of this part, a facility is a "place of lodging" if it is—
> >  i.  ***An inn, hotel, or motel*** . . . .

*See* 28 C.F.R. § 36.104(1)(i). (Emphasis Added). Defendant's Hilton houses more than five (5) rooms for rent and, upon information and belief, is not occupied by the proprietor of the establishment as the residence of the proprietor.

10. Plaintiff, who suffers from PTSD and OCD, requires the use and accompaniment of a service animal, a dog, which is "individually trained to do work or perform asks for the benefit of

an individual with a disability, including a physical, sensory, psychiatric, intellectual or other mental disability." *See* 28 C.F.R. § 36.104.

11. Plaintiff's service animal is trained to assist Plaintiff with intense PTSD episodes. Plaintiff's service animal alerts others when Plaintiff is experiencing such an incident and provides consolation and relief to Plaintiff to subdue these episodes.

12. On or about December 14, 2019, at approximately 11:00a.m., Plaintiff was checking out of his stay at Defendant's Hilton when he was asked to provide documentation as proof that Plaintiff's service animal has been trained, certified, or licensed as a service animal.

13. Although Plaintiff was not denied access to the Defendant's Hilton, the supervisor at the time of Plaintiff's check-out obligated Plaintiff to demonstrate proof of the service animal's registration or else Plaintiff would be required to pay an additional fee.

14. Plaintiff informed Defendant's staff that he was disabled and thus, he was not required to show documentation concerning his service animal; however, the Defendant's supervisor reiterated that Plaintiff would be responsible for a pet fee surcharge if Plaintiff did not provide such paperwork.

15. Defendant's conduct was unreasonable and discriminatory, causing Plaintiff severe stress and embarrassment in the presence of others.

16. Defendant's failure to reasonably accommodate Plaintiff and his service animal directly violates 28 C.F.R. § 36.302(c)(6)-(8).

## COUNT I
## <u>VIOLATION OF AMERICANS WITH DISABILITIES ACT</u>

17. Plaintiff realleges and reincorporates paragraphs 1-16 above as if fully set forth herein.

18. Plaintiff is an individual who suffers from PTSD, OCD, and general anxiety, each of which are mental impairments that substantially limit one or more major life activities, rendering Plaintiff disabled pursuant to 28 C.F.R. § 36.105(d)(2)(k).

19. Plaintiff requires the use and companionship of a service animal trained for the benefit of Plaintiff and, more specifically, to alert others when Plaintiff is enduring an acute PTSD episode and subdue such occurrence. *See* 28 C.F.R. § 36.104.

20. Defendant owns and operates the Hilton where Plaintiff lodged on or about December 14, 2019, which constitutes a public accommodation as defined in 28 C.F.R. § 36.104(1)(i).

21. As Plaintiff was checking out of his stay at Defendant's Hilton, Plaintiff was asked for documented proof that Plaintiff's service animal was trained, licensed, or otherwise certified as a service animal, in direct violation of 28 C.F.R. § 36.302(c)(6).

22. Plaintiff advised Defendant that Plaintiff was disabled and as such, Plaintiff was not obligated to present such certification and/or records.

23. Defendant not only obligated Plaintiff to provide such evidence but also threatened to assess an additional surcharge to Plaintiff's account if Plaintiff refused to provide proof of the service animal's credentials, in direct violation of 28 C.F.R. § 36.302(c)(8).

24. Defendant's failure to reasonably accommodate Plaintiff caused Plaintiff extreme stress, humiliation, and anxiety, all while in the presence of other patrons at Defendant's Hilton.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter the following injunctive, declaratory, and other relief:

a) Declare Defendant's Hilton is in violation of the ADA;

b) Enter an Order requiring Defendant to reasonably accommodate disabled individuals with service animals to the full extent required by Title III of the ADA;

c) Enter an Order directing Defendant to evaluate their policies, practices, and procedures towards persons with disabilities, for such reasonable time so as to allow Defendant to complete such remedial procedures;

d) Award reasonable attorney's fees, all costs (including expert fees), and other expenses incurred in this suit to Plaintiff, pursuant to 42 U.S.C. § 12205;

e) Award Plaintiff damages for the distress and humiliation sustained at Defendant's Hilton; and

f) Award any and all other relief as this Honorable Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

The Law Office of Fausto A. Rosales, P.A.
*Attorneys for Plaintiff*
150 Alhambra Circle, Suite 710
Coral Gables, FL 33134
Phone: 786-505-1024
Fax: 786-221-5090
Primary Email:    mlopez@dtmiamilaw.com
Secondary Email:    jpalenzuela@dtmiamilaw.com
                eservice@dtmiamilaw.com

By: _____
Max A. Lopez, Esq.
Florida Bar No. 98665
mlopez@dtmiamilaw.com
Jannel Palenzuela, Esq.
Florida Bar No. 1018366
jpalenzuela@dtmiamilaw.com